OPINION OF THE COURT
Thomas D. Nolan, Jr., J.
In May 1996, Ball conveyed a 24.5 acre parcel, the site of its manufacturing and warehouse facility, to the industrial development agency (IDA) and, as part of the financing trans *43 action, leased back the property for 10 years. Also, as part of the transaction, Ball and the IDA entered into a “Payment in Lieu of Tax [PILOT] Agreement” in which Ball agreed to make certain annual payments to the IDA in lieu of paying city, county, and school taxes on the property which, by virtue of the IDA’s ownership, would become and became tax exempt. The PILOT includes a provision which affords Ball, as lessee, the right to commence certiorari proceedings under RPTL article 7 but which expressly restricts that right to a two-year period “from the date such assessed value is initially established or changed.” The agreement further provides that “if [Ball] fails to pursue review of * * * any change in Assessed Value during the two (2) year period following any such change, [Ball] shall be deemed to have waived any right to contest or dispute such Assessed Value at any time in the future notwithstanding anything in the New York State Real Property Tax Law to the contrary.” In 1998, as part of a city-wide revaluation, the City of Saratoga Springs reassessed the property at a full value of $14,365,000 which Ball did not contest until it commenced certiorari proceedings in 2001 and 2002.
Respondents’ motion to dismiss these proceedings is predicated on the restriction and waiver provisions contained in the PILOT agreement. Although conceding respondents’ standing to raise the restriction and waiver as a defense, Ball urges that these clauses constitute an unenforceable, unconstitutional limitation on its right to redress, what it contends, is a significant overassessment which thereby obligates it to make payments under the PILOT well in excess of what the property’s fair value should require.
Apparently, no legal precedent on this precise point has been reported. However, a provision in a PILOT agreement which required the parties to resolve real property tax assessment disputes through arbitration has been enforced. (Matter of Town of Wallkill Indus Dev. Agency v Assessor of Town of Wallkill, 270 AD2d 494 [2d Dept 2000].)
Here the clause in issue is unambiguous and admits of no doubt that Ball agreed to waive its right to pursue certiorari review under RPTL article 7 unless initiated within two years of an assessment change. Ball’s principal contention that the provision is unconstitutional and illegal, and therefore, unenforceable, lacks substance. In exchange for certain monetary advantages not otherwise available absent the financing arrangement, Ball contracted away certain rights under article 7 of the RPTL. Ball has the privilege of cancelling *44 this arrangement and to reacquire fee ownership of the property and to free itself of waiver/restriction provisions of the PILOT.* Ball may not avail itself of the benefits of certain aspects of the financing arrangement and cast off the burdens of another. The waiver/restriction provisions contained in the PILOT agreement dated May 1, 1996 are binding on Ball.
Respondents’ motion is granted without costs, and petitioner’s certiorari proceedings for tax years 2001 and 2002 seeking review of the assessments of tax roll parcel 178.-1-51 are dismissed, with prejudice, and without costs.

 Article XI, §§ 11.1 and 11.2 of the lease, dated May 1, 1996, between Ball and the IDA.